R. T. STEPHENSON v. SEABORD & ROANOKE RAILROAD COMPANY.

*Deed, description of property in.*

A deed describing the property conveyed, as "the following articles of personal property, to wit, 300 railroad ties" to be delivered at a certain price, is *not* sufficiently definite to pass the title.

CIVIL ACTION tried at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

This was an action of claim and delivery for the possession of 307 railroad ties.

At the trial the plaintiff offered in evidence a mortgage given to him by J. T. Buffaloe on the 20th May, 1880, and registered on 22nd June, 1880, claiming that it conveyed to him the property sued for.

The description given of the property in the deed is as follows: " The following articles of personal property, to wit, 300 railroad ties to be delivered at Kee's Crossing on the Seaboard and Roanoke railroad." The plaintiff also introduced as a witness the maker of the deed, (Buffaloe) who testified that, at the time he gave the mortgage to plaintiff, he had cut a little over 200 ties which were then in the woods; that he afterwards cut others, making in all that he placed upon the railroad 306, nearly 300 of which were good ties, the rest being " culls;" that none of the ties were delivered at Kee's Crossing, the point designated in the deed, but were delivered to the defendant at another point, under a contract made with it for the delivery of the ties, before the execution of the mortgage to the plaintiff, and that the defendant had paid the witness for the ties without the knowledge of the plaintiff.

His Honor thereupon expressed the opinion that the deed was not sufficiently definite, in the description of the property, to pass the title in the ties to the plaintiff, and in submission to that opinion the plaintiff took a non-suit and appealed.

*Mr. R. B. Peebles*, for plaintiff.
*Messrs. Day & Zollicoffer, S. J. Wright* and *D. A. Barnes,* for defendant.

RUFFIN, J. We concur in the view taken by His Honor. While it cannot be expected that a mortgage should set forth a description of the property conveyed with such certainty that it may be identified by the terms of the instrument alone, and without the aid of evidence *aliunde* to fit the description to the thing, still it is necessary that it should furnish some description of the property accompanied with such certainty as will enable third parties, aided by inquiries which the deed itself suggests, to identify it.

This latter has been held sufficient, under the maxim *id certum est quod certum reddi potest*, and from necessity—it being many times impossible to set out such a description of the thing conveyed, as would in itself be absolutely certain and complete. But a less degree of certainty will not suffice, and especially under our registry laws, the fundamental policy of which is to give such notice to third parties as will enable them to deal securely with reference to the property conveyed in mortgage.

The property in question is in no manner described in the mortgage under which the plaintiff claims, nor is there any suggestion therein of evidence, which would enable a party purchasing, to know that it was intended to be conveyed thereby—the only particular mentioned, to wit, the point of delivery, being untruly stated, and so calculated to mislead rather than to enlighten any one.

To sustain such an instrument as a mortgage would be to enable the parties to commit gross frauds and tend to discourage trade, and would wholly defeat the policy of the law, which intends that the mortgage as registered should convey to every one notice of the property covered by it, and the terms upon which it is held.

No error.                                            Affirmed.