J. G. TEDDER v. WILMINGTON & WELDON R. R. CO. and W. J.
SIKES.

(Decided April 4, 1899).

*Laborer's Lien—Common Law and Statute.*

1. At common law, continued possession is necessary to the exist-
   ence of the lien; when possession is voluntarily surrendered
   the lien is gone.
2. So far the Legislature has provided a lien only when the service
   or labor is for the betterment of the property on which it is
   bestowed, leaving the laborer in all other cases to secure him-
   self, as at common law.

THIS IS A CIVIL ACTION, which was tried before *Adams, J.,*
at August Term, 1898, of the Superior Court of COLUMBUS
County. The action began before a Justice of the Peace,
and was carried up to the Superior Court by an appeal.

The parties agreed upon and submitted the following facts
to the Court for its judgment:

That during the months of August, September and October,
in the year 1897, the plaintiff, J. G. Tedder, at the request
of the defendant W. J. Sikes hauled and delivered, with mules
and wagons, along the right-of-way of the W. C. and A. Rail-
road, between the White Marsh water tank and Pine Log, in
said county, 4,483 cross-ties, and that the defendant W. J.
Sikes is now due the plaintiff, J. G. Tedder, for the labor
performed by him in hauling and delivering said cross-ties
as aforesaid, the sum of $140.85. That the only work and
labor done by the said J. G. Tedder on said cross-ties was the
hauling of the same from the swamp, where they had been
cut, and delivering them along and placing them in piles on
the right-of-way of the said railroad company. That the de-

fendant W. J. Sikes alone contracted and agreed with the plaintiff, Tedder, before said cross-ties were hauled to pay him said amount ($140.85) upon the same being hauled and delivered on said right-of-way, and that the plaintiff, J. G. Tedder, did haul and deliver said cross-ties as agreed upon. That on the 11th day of December, 1897, the plaintiff, J. G. Tedder, filed with H. C. Moffit, a Justice of the Peace for said county, a lien on said cross-ties, which were then on said right-of-way, and in piles as plaintiff had delivered and placed them, for the labor performed by him as aforesaid in hauling and delivering the same, and that said lien was filed and recorded in due form of law. That the defendant W. J. Sikes was the owner of said cross-ties when said work and labor was done by the plaintiff Tedder. That the said cross-ties had not been moved from where plaintiff had hauled and piled them up on said right-of-way at the time the summons in this action was served on the defendant. That the defendant W. J. Sikes conveyed and delivered the said cross-ties to one Wade, who sold and delivered the same to the defendant the Wilmington and Weldon Railroad Company for value, and without notice of the plaintiff's claim; and that the said Sikes sold and delivered the said cross-ties before the filling of said lien on the said 11th day of December, 1897, and that the defendant W. J. Sikes had no interest in the said cross-ties at the time plaintiff filed his said lien. That the plaintiff, Tedder, filed his said lien within twelve months from the completion of his said labor.

The Court, upon consideration, gave judgment for the plaintiff, and defendants excepted and appealed.

FAIRCLOTH, C. J. In August, September and October, 1897, the plaintiff, at the request of the defendant Sikes, hauled from the swamp and delivered on the right-of-way of the railroad, cross-ties, for which service and no other, Sikes

is due him $140.85.   On December 11th, 1897, plaintiff filed and had recorded a lien on said cross-ties.   Before December 11, 1897, Sikes sold and delivered said cross-ties to one Wade, who sold and delivered the same to the defendant Railroad without notice of plaintiff's claim, and Sikes had no interest in the cross-ties when said lien was filed.   The Court held that the plaintiff was entitled to recover.

At common law, laborers engaged in cutting, hauling and driving timber had no lien thereon.   A lien may be acquired by continued possession.   The moment that possession is. voluntarily surrendered the lien is gone.   1 Jones on Liens, section 702.   So where a laborer repaired a wagon and surrendered it to the owner before payment, the laborer had no lien. Possession is absolutely necessary to the existence of the lien. *McDougald v. Crapon,* 95 N. C., 292.

The Constitution, Article XIV, section 4, declares: "The General Assembly shall provide by proper legislation, for giving to mechanics and laborers an adequate lien on the subject matter of their labor."   Accordingly, the Legislature has enacted (The Code, section 1781) that for every building built, rebuilt, repaired or improved, together with the necessary lots on which said building may be situated, etc., shall be subject to a lien for material furnished or for work done on the same. The Code, section 1782, secures a lien for work on crops or farms.   The Code, 1783: "Any mechanic or artisan who shall make, alter or repair any article of personal property at the request of the owner or legal possessor of such property shall have a lien on such property," etc., and may retain possession until his reasonable charges are paid.   If, however, he surrenders possession of the same, he loses his lien.   *McDougald v. Crapon, supra.*

The Code, 1796, provides that servants' and laborers' share of the crops for wages by contract shall not be subject to sale

under execution against their employers or the owners of the land cultivated.

Applying the law as above stated to the facts in the present case the plaintiff has no lien, either at common law or statutory. It seems, so far, that the Legislature has provided a lien only when the service or labor is for the betterment of the property on which the labor is bestowed, leaving the laborer in all other cases to secure himself as at common law.

Error.