WALTER M. ALSTON ET ALS., ADMR., v. JOHN A. SAVAGE ET ALS.

(Filed 28 March, 1917.)

**1. Deeds and Conveyances—Registration.**

A contract to convey lands signed by the life tenant, who also purported to sign it for his son, the remainderman, without his authority, acquiescence, or ratification, is not enforcible against a valid contract therefor subsequently made but prior registered.

**2. Deeds and Conveyances—Description—Parol Evidence—Identification.**

A description in a contract to convey lands as a certain tract in a designated township, "now being advertised for sale," further stating in the contract that the obligor "owns the land in fee simple, and has a right to sell it and deed it," is sufficient to admit of parol evidence of identification, it appearing that this was the only land owned by the obligor in the township and was being advertised in a paper published in the county at the time.

**2. Deeds and Conveyances—Description—Parol Evidence—Identification.**

The obligee, under a contract to convey title to lands in fee, paid $190, entered into possession and enjoyment, and was dispossessed by reason of the failure of the obligor's title. Under the circumstances of this case, a verdict awarding 25 cents as the measure of his damage is not disturbed on appeal.

APPEAL by plaintiffs from *Bond, J.,* at August Term, 1916, of FRANKLIN.

This is an action by the heirs at law and the administrator of Ellis Alston under a contract to convey a certain tract of land dated 1 April, 1909, at the price of $1,250, of which $190 was paid in cash. The contract was in writing and signed by John A. Savage and by him for "son John, Jr." The codefendant Brown claims under a contract to convey, 5 December, 1912, signed by John A. Savage and a deed in usual form by John A. Savage, Jr. The title to the land was in John A. Savage, Sr., for life, with remainder to John A. Savage, Jr., and F. L. Savage. At the time of the execution of the contract to Ellis Alston he paid $190 on the purchase money and entered into possession, listing and paying taxes, which possession continued up to the bringing of this action. It is admitted that the $190 was received by John A. Savage and deposited by him in bank to the credit of John A. Savage, Jr., but there is no evidence that the latter had drawn it out or accepted it, or knew of it.

The jury found, upon issues submitted, that John A. Savage, Jr., did not execute the contract with Ellis Alston, and that John A. Savage, Sr., had no authority as agent to execute said contract for his son, John A. Savage, Jr., and that the latter has not ratified the same, and that the

contract of 5 December, 1912, between John A. Savage, Sr., and Shelly Brown was made for value and in good faith, and was registered prior to the contract with Ellis Alston; that the plaintiffs cannot recover from John A. Savage, Jr., any damage for failure to convey all the land described in the complaint, and that they are entitled to recover from John A. Savage, Sr., as damages for failure to convey 25 cents, and that the plaintiffs are not entitled to a deed from John A. Savage, Jr., John A. Savage, Sr., and Shelly T. Brown, upon payment of the balance of the purchase money. The above findings were based upon competent evidence.

Appeal by plaintiff.

*White & Malone for plaintiff.*
*W. M. Person for J. A. Savage and J. A. Savage, Jr.*
*W. H. Yarborough and Ben T. Holden for Brown.*

CLARK, C. J. As to the first seven exceptions to the admission in evidence of the contract of Savage to Brown of 5 December, 1912, they cannot be sustained.

It is conceded that the plaintiffs are entitled to the life interest of John A. Savage, Sr., unless the defendant Brown acquired that interest through the agreement made between Savage, Sr., and Brown of 5 December, 1912, recorded 18 December, 1912. The agreement of John A. Savage, Sr., to Ellis Alston was registered two days later, 20 December, 1912.

The plaintiffs contend, however, that the contract between Savage, Sr., and Brown to give a warranty deed to the latter to "a certain tract of land in Louisburg Township, now being advertised for sale, was too indefinite.

It is in evidence that there was but one paper published at that time in Franklin County, and that that paper carried at the time an advertisement for the sale of the lands in controversy over the signature of John A. Savage, Sr., and that these were the only lands then being advertised for sale. This was sufficient to admit parol testimony to identify the land, *Fulcher v. Fulcher,* 122 N. C., 101.

In *Phillips v. Hooker,* 62 N. C., 193, the memorandum "to make a deed for a house and lot north of Kinston" was held sufficient to be aided by a parol proof, it being admitted that the defendant owned but one house in the county. In *Spivey v. Grant,* 96 N. C., 214, the description was "one horse," and the mortgagor having only one horse, it was held that the title passed. In *Lupton v. Lupton,* 117 N. C., 30, the assignment to widow for year's provision was of "one-half of boat," and it being proved that the husband had only one boat, this was held insufficient to pass the title.

·"Where lands can be definitely identified by the aid of parol evidence a deed is not void for uncertainty of description." *Batchelor v. Norris,* 166 N. C., 506. To same purport, *Patton v. Sluder,* 167 N. C., 500; *Speed v. Perry,* Ib., 122. The contract between John A. Savage and Brown further identified the land by adding: "J. A. Savage, Jr., owns the land in fee simple and has a right to sell it and deed it." It was in evidence that there was an oral agreement between John A. Savage, Sr., and the administrator of Ellis Alston to sell the land at public auction, and that in pursuance of that agreement said Savage caused the notice, above referred to, to be published in the *Franklin Times.*

The plaintiffs had no conveyance or contract to convey from either of the remaindermen. The contract by the life tenant to convey to Ellis Alston was registered after the contract to convey executed by the life tenant to the defendant Brown, and specific performance could not be decreed. The only remaining question was as to damages against the life tenant for breach of his contract and as to the measure thereof, and under a correct charge by the court the jury have assessed these damages at 25 cents, possibly making allowance for rents and profits received by plaintiffs as against $190 partial payment made by Ellis Alston.

No error.