TWIN CITY MOTOR COMPANY v. ROUZER MOTOR COMPANY AND COMMERCIAL FINANCE CORPORATION.

(Filed 12 June, 1929.)

1. **Chattel Mortgages A b—In this case held, description of chattel in chattel mortgage sufficient for identification.**

    The description in a chattel mortgage for the purchase price of an automobile "one S. H. Coupe No......... Model T" is sufficient to admit evidence *aliunde* for the purpose of identification when the purchaser owned only one automobile, the abbreviation "S. H." meaning "second-hand," and "Model T," a certain type of Ford; and when registered and identified is superior to a later registered mortgage given by the purchaser to others.

2. **Chattel Mortgages B c—Registered chattel mortgage is superior to later mortgage for repairs where mechanic surrenders possession.**

    Where a chattel mortgage for the purchase price of an automobile expressly retains title to the automobile and all improvements made thereon, and stipulates that the giving of possession thereof to the purchaser was not to pass title to him, and the instrument is duly registered, the purchaser during the continuance of the contract may have repairs made that are necessary for its operation, and the seller's mortgage is superior to a mortgage for repairs given to a mechanic in lieu of his mechanic's lien which he had lost by surrender of possession of the car.

APPEAL by plaintiff from *Oglesby, J.,* at October Term, 1928, of ROWAN. Affirmed.

The material facts agreed to by the parties necessary for the decision of the action:

On 3 May, 1926, one Wm. Simpson purchased from the defendant, Rouzer Motor Company, a second-hand Ford coupe automobile and executed a conditional sale agreement to secure the balance of the purchase price, $325, to be paid in certain installments, which was duly recorded in the office of the register of deeds for Rowan County, N. C.

The material language of the conditional sale agreement, for the consideration of this case: "That seller . . . has this day sold and delivered, but upon the conditions hereinafter recited, to the purchaser

(Wm. Simpson) one S. H. Coupe, No. ......, Model T. (hereinafter called the 'car') for three hundred seventy-five and no/100 dollars ($375.00), paid or to be paid by the purchaser to the seller. . . . . The conditions of this agreement are, that delivery of the car by seller to purchaser does not pass title thereto, *but both the car and all additions and improvements thereto* and the title thereto shall not pass by such delivery, but are and shall remain vested in and be the property of the seller and assigns (and any extension or assignment of said notes shall not waive this or any other condition herein contained) until said notes, or any renewals thereof, evidencing said installments of purchase price, and all interest thereon, are paid in full. . . . Purchaser shall keep the car free from all liens, taxes, charges, and shall at his expense and in his name cause the car to be registered and licensed in compliance with law." The abbreviations "S. H." appearing in the conditional sale agreement from William Simpson to Rouzer Motor Company stands for the words "second-hand," and the words "Model T" in said agreement refer to a particular type of Ford automobile.

The said Rouzer Motor Company duly transferred and endorsed said note and conditional sale agreement to the Commercial Finance Corporation, the defendant, of Salisbury, which now holds the same. That the said automobile described in said conditional sale agreement is the only automobile owned by the said William Simpson on 3 May, 1926, and until the bringing of this action. That William Simpson moved from Salisbury to Winston-Salem during the month of March, 1927, leaving a balance of $210 due on said note and conditional sale agreement. That William Simpson, then living in and a resident of Winston-Salem, on 8 July, 1927, employed the Twin City Motor Company, the plaintiff, at Winston-Salem, to place and did place a new engine or motor in the automobile described in the said conditional sale agreement to Rouzer Motor Company, and on the same day the said William Simpson executed to said Twin City Motor Company a note for $108, with interest from 8 July, 1927, (the balance due is $89.15) to cover the price of said new motor or engine and the cost of the labor in installing the same in said chassis, and to secure said note the said William Simpson executed to said Twin City Motor Company a conditional sales note and chattel mortgage. Said conditional sale note and chattel mortgage were duly recorded in the office of the register of deeds of Forsyth County, N. C., both describing same—the chattel mortgage—"One Ford coupe automobile, motor No. 14860614." In the conditional sale note the only change is "engine" instead of "motor."

On 17 November, 1927, defendants sold the coupe to one Homer Hall for $130, and took a chattel mortgage to secure said debt, which was duly recorded. That at the time of said sale $130 was the fair and

MOTOR COMPANY *v.* MOTOR COMPANY.

reasonable market value of said automobile, and $95 the fair and reasonable market value of said new engine or motor alone. That when plaintiff removed the old engine from said chassis said old engine was worn out and worthless. That said new engine or motor is separable from said chassis or body of said automobile and may be removed from said chassis or body without injury to same, which removal could be affected by unfastening certain bolts, nuts, and screws and lifting said engine out.

The court below rendered the following judgment: "This cause coming on to be heard at October Term, 1928, of Rowan Superior Court, before his Honor, John M. Oglesby, judge of the Superior Court, and being heard upon an agreed statement of facts signed by the parties, and the court being of the opinion that the plaintiff is not entitled to recover on the facts as set forth in the 'agreed statement of facts.' It is now, on motion of P. D. Carlton, counsel for defendants, ordered and adjudged:

1. That plaintiff take nothing by its action from the defendants, and that the defendants go hence without day.

2. That the costs of this action, including the costs incurred by the defendants, be taxed against the plaintiff.

3. That this action be, and the same is hereby dismissed."

The plaintiff excepted and assigned error to the court below signing the judgment, and appealed to the Supreme Court.

*Lee Overman Gregory and F. L. Webster for plaintiff.*
*John Kesler and P. S. Carlton for defendants.*

CLARKSON, J. (1) Is the description in the conditional sales agreement sufficient for the purpose of identifying the property in question? We think so. The facts agreed to in regard to the description is as follows: One S. H. coupe No. .. ..., Model T. (hereafter called the "car"). The abbreviation of the words "second-hand" is S. H., and the words "Model T" in said agreement refer to a particular type of Ford automobile. The same was purchased from Rouzer Motor Company on 3 May, 1926, by William Simpson, being one S. H. coupe No. ........, Model T, and the only automobile owned by William Simpson.

Both plaintiff and defendants cite *Stephenson v. R. R.*, 86 N. C., 455, and we will do the same. The general principle is laid down by *Ruffin, J.*, at pp. 456-7, as follows: "We concur in the view taken by his Honor. While it cannot be expected that a mortgage should set forth a description of the property conveyed with such certainty that it may be identified by the terms of the instrument alone, and without the aid of evidence *aliunde* to fit the description to the thing, still it is

necessary that it should furnish some description of the property accompanied with such certainty as will enable third parties, aided by inquiries which the deed itself suggests, to identify it. This latter has been held sufficient, under the maxim *id certum est quod certum reddi potest,* and from necessity—it being many times impossible to set out such a description of the thing conveyed, as would in itself be absolutely certain and complete. But a less degree of certainty will not suffice, and especially under our registry laws, the fundamental policy of which is to give such notice to third parties as will enable them to deal securely with reference to the property conveyed in mortgage."

In *Spivey v. Grant,* 96 N. C., at p. 223-4, it is said: "The possession of a single horse, and none others by the vendor in a conveyance of a horse, without more specific description, sufficiently points out and designates the animal to transfer property to the vendee. In *Sharp v. Pearce,* 74 N. C., 600, the conveyance was of 'one horse,' and this was recognized as a sufficient identification." *Alston v. Savage,* 173 N. C., 213; see *Atkinson v. Graves,* 91 N. C., 99.

11 C. J. (Chattel Mortgages), sec. 81, p. 461, makes the following observations: "The scarcity or plentitude of chattels similar to those mortgaged is an element to be considered in determining the sufficiency of the description of the chattels covered by the mortgage, and the non-existence of other property to which the terms of the mortgage could apply frequently renders valid a description in a mortgage which otherwise would be too indefinite."

(2) Do the improvements or repairs placed on said car become the property of the defendants under the terms of their duly registered agreement, and also by the doctrine of accession? We think so.

It is a general rule of law that if the materials of one person are united to the materials of another by labor, forming a joint product, the owner of the principal materials will acquire the right of property in the whole by right of accession. *Pulcifer v. Page,* 32 Me., 404, 405, 54 Am. Dec., 582." 1 Words and Phrases Judicially Defined, p. 59.

In *Gregory v. Stryker,* 2 Denio (N. Y.), at p. 630, speaking to the subject, it is said: "But it is equally clear, as a general proposition, that where the owner of a damaged or worn out article delivers it to another person to be repaired and renovated by the labor and materials of the latter, the property in the article, as thus repaired and improved, is all along in the original owner, for whom the repairs were made, and not in the person making them." *Comins v. Newton,* 10 Allen (Mass.), 518; *Southworth v. Isham,* 5 N. Y. Sup., 448.

C. S., 2435, in part, is as follows: "Any mechanic or artisan who makes, alters or repairs any article of personal property at the request of the owner or legal possessor of such property has a lien on such prop-

erty so made, altered or repaired for his just and reasonable charge for his work done and material furnished, and may hold and retain possession of same until such just and reasonable charges are paid," etc. Where the vendor of an automobile takes a purchase-money mortgage and transfers the possession to the vendee, it is with the implied authority in the vendee that he may use the machine and keep it in such reasonable and just repair as the use will require; and where, at his instance, a mechanic has repaired the same, his reasonable charge for such repairs creates a lien on the automobile, retained in his possession, superior to that of the vendor's mortgage. *Johnson v. Yates,* 183 N. C., 24, 11 S. E., 630; *Sales Co. v. White,* 183 N. C., 671.

Under this section: The lien on personal property given by this section applies when possession is retained by the mechanic. *Glazener v. Gloucester Lumber Co.,* 167 N. C., 676, 83 S. E., 696. If the mechanic or artisan surrenders possession of the property, he loses his lien. *Tedder v. R. R.,* 124 N. C., 342, 32 S. E., 714.

The conditional sales agreement made by William Simpson distinctly says, "The conditions of this agreement are, that delivery of the car by seller to purchaser does not pass title thereto, *but both the car and all additions and improvements thereto,* and the title thereto shall not pass by such delivery, but are and shall remain vested in and be the property of the seller and assigns (any extension or assignment of said notes shall not waive this or any other condition herein contained) until said notes, or any renewals thereof, evidencing said installments or purchase price, and all interest thereon, are paid in full."

In *Bank v. Pearson,* 186 N. C., at p. 613, the following principle is laid down: "On the third objection it is the approved principle in this jurisdiction that a mortgage will be held to extend to and include after-acquired property 'when it so states in express terms, or it clearly appears from the language used that such was its manifest intention.' *Lumber Co. v. Lumber Co.,* 150 N. C., 282; *Dry Kiln Co. v. Ellington,* 172 N. C., 481-484." *Hamlin v. Jerrard,* 72 Me., 62.

Plaintiff had the possession of the car upon which defendants had a lien properly registered when it installed in the car a new engine or motor to replace the old one. It relinquished possession and thereby relinquished its lien for the repairs. It then took a conditional sale note purporting to be for the purchase price, of "one Ford coupe automobile, engine No. 14860614." At the same time the plaintiff had the said William Simpson to execute a chattel mortgage on "one Ford coupe automobile, motor No. 14860614," both of which instruments were duly recorded in Forsyth County.

The authorities are conflicting in other jurisdictions. The lien of defendants is superior to that of plaintiff. The judgment below is

Affirmed.