J. L. REICH, TRADING AS WACHOVIA PAINT AND TOP COMPANY, v.
I. E. TRIPLETT, O. W. BAYNES AND F. F. HOFFMAN.

(Filed 5 November, 1930.)

1. **Mechanics' Liens A b—Where possession of property from mechanic is obtained by fraudulent representations his lien thereon is not destroyed.**

   Under the common law and the provisions of our statute, C. S., 2435, one who repairs personal property loses his lien thereon by voluntarily surrendering possession to the owner, but where an automobile has been repaired and the artisan or mechanic is induced to part with possession upon false and fraudulent representations made by the owner that his check for the payment of the repairs was good and that he had sufficient funds in the bank for its payment, and the mechanic relies thereon and surrenders possession of the car, he *does not do so voluntarily and un-conditionally within the intent and meaning of the statute, and the mechanic does not lose his lien for the value of the repairs done by him.*

2. **Same—Mechanic induced to surrender possession of property by fraud does not lose his lien as against purchaser who takes with notice.**

   Where in an action to enforce a mechanic's lien for repairs to an automobile the evidence tends to show that the owner obtained possession of the property by false and fraudulent representations, and that the defendant in possession of the property was a purchaser from the holder

of a note secured by a prior chattel mortgage on the property, who had taken possession from the owner thereunder, and there is no evidence that the purchaser was a bona fide one for value without notice, the demurrer of the holder of the note and the purchaser from him is properly overruled. C. S., 567.

APPEAL by defendants, Baynes and Hoffman, from *Johnson, Special Judge,* and a jury, at June Term, 1930, of FORSYTH. No error.

This is an action by plaintiff against defendants to recover an automobile by virtue of a lien for repairs, plaintiff alleging that the owner fraudulently obtained possession of the same after the repairs were made. Defendants, Baynes and Hoffman, denied the right of plaintiff to recover and set up the plea that they were innocent purchasers for value of the automobile and without notice of any fraud.

The evidence of plaintiff was to the effect that prior to 7 May, 1929, the defendant, I. E. Triplett, was the owner of a Chrysler roadster automobile, Model 60, Car No. R-551-E. The defendant, I. E. Triplett, brought the automobile to the shop of plaintiff, who made repairs on same to the value of $162.75. The plaintiff alleged, and there was evidence to support the allegations: "That while the automobile was still in the plaintiff's possession, and was still being held by the plaintiff under his lien, the defendant, Triplett, tendered to the plaintiff a check in the sum of $162.75 drawn on the Farmers National Bank and Trust Company, Southside Branch, Winston-Salem, N. C., under date of 7 May, 1929, and that the defendant, Triplett, falsely and fraudulently represented to the plaintiff at that time that the check was good; that he had ample funds in the bank to pay the check, and that it would be honored on presentation; that such statement was false; that the defendant did not have sufficient funds in said bank to pay the check; that the same was presented in a reasonable time; that the plaintiff did not know, and had no reason to believe that the check was not good, and reasonably relied on such false and fraudulent representations, and in reliance thereon surrendered the possession of the automobile to Triplett."

*Stipulation:* "It is admitted that the defendant, O. W. Baynes, was the owner of the note secured by the chattel mortgage referred to in the complaint at the time the repair work was done on the automobile and the check dated 7 May, 1929, was given."

It was also in evidence that after the alleged false and fraudulent representations made by the owner to obtain the possession of the automobile, Baynes took the automobile, under the note 'secured by the chattel mortgage, and sold it to Hoffman, but there is no evidence on the record that Hoffman purchased it for value and without notice of the alleged fraud.

Defendants offered in evidence the note referred to in the "Stipulation" heretofore made, being in the amount of $360, dated at Winston-Salem, N. C., 21 March, 1929, payable to C. E. Brown, or order, payable in stallments of $30 on 21 April, 1929, and a like sum the 21st day of each and every month until paid, signed by I. E. Triplett and Lake Triplett, endorsed "C..E. Brown."

Defendants offered in evidence the chattel mortgage, being from I. E. Triplett and wife, Lake Triplett, to N. S. Myers, for C. E. Brown, dated 21 March, 1929, covering Chrysler roadster, Motor No. 56529, Serial No. R-551-E, filed for registration 28 March, 1929, in the office of the register of deeds for Forsyth County, and registered 29 March, 1929, in Book 256 of Mortgages, page 220.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff entitled to a lien under section 2435 of the Consolidated Statutes for repairs to the automobile described in the complaint in the amount of $162.75, prior to the delivery of the automobile to I. E. Triplett? Answer: Yes.

2. Did the plaintiff surrender possession of said automobile to I. E. Triplett upon false and fraudulent representation of the said I. E. Triplett that a check given in payment of said repair bill was good, as alleged in the complaint? Answer: Yes.

3. At the time the plaintiff made repairs on the said automobile, was the defendant, O. W. Baynes, the owner of a chattel mortgage, duly executed and registered, and if so, what was the amount of said chattel mortgage? Answer: Yes, $360.

4. What was the fair market value of said automobile at the time the same was sold by the defendant, Baynes, to his codefendant, Hoffman? Answer: $275.

5. What was the fair market value of the said automobile at the time of the institution of claim and delivery proceedings? Answer: $250."

*Parrish & Deal for plaintiff.*
*Hastings & Booe for defendants.*

CLARKSON, J. At the close of plaintiff's evidence, and at the close of all the evidence, the defendants made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we see no error.

The question involved: Did the plaintiff, who had a lien for repairs, under C. S., 2435, and the common law, lose his lien as against the defendants, who claim under a prior recorded mortgage, when he was

induced to part with his possession by false and fraudulent representations of the owner? We think not.

C. S., 2435, in part, is as follows: "Any mechanic or artisan who makes, alters or repairs any article of personal property at the request of the owner or legal possessor of such property has a lien on such property so made, altered or repaired for his just and reasonable charge for his work done and material furnished, and may hold and retain possession of the same until such just and reasonable charges are paid," etc. The statute further provides that, if the charges for repairs are not paid, the property in a certain way can be sold to pay for the repairs.

In *Johnson v. Yates,* 183 N. C., 24, it is held, at p. 27, that this statute "is applicable to any and all contracts by mortgage or otherwise subsequently made and entered into. . . . A further consideration of the statute will disclose that the lien provided for can only arise when the alterations or repairs are made at the instance of the 'owner or legal possessor of the property.' "

From the statute and the construction put upon it in the *Johnson case, supra,* the plaintiff had a lien superior to the defendants' mortgage for the repairs made on the automobile.

At common law where a laborer repaired a wagon and surrendered it to the owner before payment, the laborer has no lien. Possession is necessary to the existence of the lien. *McDougall v. Crapon,* 95 N. C., 292; *Tedder v. R. R.,* 124 N. C., 342. The lien on personal property given by this section applies when possession is retained by the mechanic. *Glazener v. Gloucester Lumber Co.,* 167 N. C., 676. If the mechanic or artisan surrenders possession of the property, he loses his lien. *Block v. Dowd,* 120 N. C., 402; *Tedder v. R. R., supra;* 17 R. C. L., at p. 606.

In *Auto Co. v. Rudd,* 176 N. C., at p. 499, we find: "Defendant, in payment of the claim, gave plaintiff a check on the bank for the amount, importing a cash payment, and thereby plaintiff was induced to surrender the possession of the car. Defendant, believing that the repairs had been of no benefit, stopped payment of the check, but when he does so he must restore plaintiff's possession and put him in the position to enforce his mechanic's lien for the amount due. No doubt the defendant had no fraudulent purpose in giving the check, and the jury have found that there was no actual fraud, but having obtained possession of his car under a promise to pay cash, on refusal, he is estopped to resist enforcement of mechanic's lien by reason of the possession thus acquired."

In the present case the jury, under a careful and proper charge by the court below, setting forth every element for the jury to pass on necessary to constitute fraud, found that plaintiff surrendered the pos-

session of the automobile "upon false and fraudulent representations." This finding makes the present case similar, if not stronger for the plaintiff than the case of *Auto Co. v. Rudd, supra.* The possession of the automobile was not surrendered voluntarily and unconditionally.

An analogous case, sustaining the view here taken, is *McGill v. Chilhowee Lumber Co.,* 111 Tenn., p. 552, 82 S. W., 210, 37 C. J. "Liens," sec. 57, at p. 336-7.

From the position here taken as to the law applicable upon the facts in this action, we see no sufficient evidence on the record to sustain defendants' contention that plaintiff waived the lien at the time he parted with the possession or in the delay in not repossessing the automobile. Under the facts in this case defendants are not *bona fide* purchasers of the automobile in controversy for value and without notice of the fraud. Although in their answer defendants set up the plea that they were bona fide purchasers for value and without notice, there is no evidence on the record to sustain this view. There is no evidence on the record that Hoffman purchased the automobile in controversy for value and without notice of the false and fraudulent representations made to plaintiff by the owner to obtain possession of the automobile. Baynes, it is admitted in the stipulation, owned the note secured by the chattel mortgage on the automobile at the time the repairs were made. It was in evidence that Baynes took possession of the automobile as the owner of the note secured by the chattel mortgage after the repairs were made, and sold same to defendant, Hoffman; but there is no evidence on the record that Hoffman purchased the automobile for value and without notice of the fraud. *Brown v. Sheets,* 197 N. C., at p. 273, 63 A. L. R., p. 1357. In fact, the defendants tendered no issue that Hoffman was a purchaser for value and without notice of the fraud.

The issues submitted were proper and determinative of the controversy. We see no error in the charge of the court below. In signing the judgment in favor of plaintiff, we find

No error.