## Barnesboro Finance Company v. Thompson

*Candor, Youngman & Gibson,* for plaintiff.
*Greevy & Greevy,* for defendant.

WILLIAMS, J., May 21, 1949.—Plaintiff has filed complaint in replevin, to which preliminary objections have been filed. The parties have agreed that notwithstanding the formal objections the only question is as to the sufficiency of the complaint insofar as it relates to the identity of the property covered by the chattel mortgage in question. .

It appears from the pleadings that plaintiff loaned $4,500 to the United Associates, Inc., of Jersey Shore, Pa. As security for such loan a chattel mortgage has been placed on an International TD 40 tractor at that time in possession of the United Associates, Inc. This mortgage has been recorded in the prothonotary's office of Lycoming County. The pleadings show further that the tractor was sold to one Lester Enders and that Enders then sold the tractor to Ray B. Thompson, all this without the knowledge of plaintiff.

The mortgage recorded by plaintiff describes the tractor pledged as an "International Tractor TD 40 TCB 5473", whereas the tractor is an "International Tractor TD 40 TCC 5473".

Defendant argues that inasmuch as the motor number in the recorded mortgage is "TCB" instead of "TCC", that therefore there has not been sufficient notice to defendant, a purchaser for value.

The Act of June 1, 1945, P. L. 1358, 21 PS §940.1, provides for the procedure in mortgaging farm equipment and machinery in Pennsylvania, and the recording of the same.

Section 2 of the act reads as follows:

"Any mortgage, executed under and pursuant to this act, shall be in writing and signed, witnessed and duly acknowledged by the mortgagor or his agent duly authorized and constituted. The property covered or

to become covered by any such chattel mortgage may be described as all that property of a specified class so identified by reference to location, brands, marks, numbers or otherwise as to distinguish it from other property of the same class, or such property may be described in any other manner permitted or authorized by law."

There appear to be no recorded Pennsylvania decisions relating to section 2 of the Act of June 1, 1945. Recorded decisions of other States, however, generally hold that if the description given in the recorded instrument is sufficient to suggest a course of inquiry concerning the property, it is not necessary that the property should be capable of identification from the terms of the instrument itself, but the purchaser will be charged with notice of the parol facts ascertainable by pursuing such inquiry; and if such inquiry should naturally lead to identification of the property, the description is sufficient: 65 A. L. R. 718.

The extent to which the location of the property is ascertainable from the description has also been held to be an important element in determining the sufficiency of the description, as well as the question of whether there is any other property in possession of the mortgagor to which the description might refer.

In the instant case, the mortgage gives the name of the mortgagor as well as its place of residence. It also describes the mortgaged property as being situate in Jersey Shore, Pa. This information, together with the way the tractor is described in the mortgage, should have been sufficient to suggest to the purchaser that the machinery was mortgaged.

In the case of Twin City Motor Co. v. Rouzer Motor Co. et al., 197 N. C. 371, 148 S. E. 461 (1929), a motor vehicle was sold on a recorded conditional sales agreement describing said vehicle as "1 S. H. Coupe, No.——, Model T". The words "S. H." were later

proved to mean "Second Hand". The purchaser in this case took the car to another dealer and had a new motor installed and in payment therefore gave a chattel mortgage. The court held that the description was sufficient to give notice, stating:

"While it cannot be expected that a mortgage should set forth a description of the property conveyed with such certainty that it may be identified by the terms of the instrument alone, and without the aid of evidence *aliunde* to fit the description to the thing, still it is necessary that it should furnish some description of the property accompanied with such certainty as will enable third parties, aided by inquiries which the deed itself suggests, to identify it."

In Huber v. Cloud, 102 N. J. L. 181, 130 Atl. 562, a replevin action was brought to recover a motor vehicle. Plaintiff in the replevin action had sold the motor vehicle in question under a conditional sales agreement, in which the serial number was given as 91183. The actual number was 71103. The lower court found for defendant and upon appeal the New Jersey Court of Errors and Appeals reversed, holding:

"We think, therefore, that such description as will reasonably identify the chattel is sufficient. But here the descriptions in the conditional bills of sale were more specific and particular than that required by the Automobile Sales Act, the difficulty being that it is claimed by the plaintiff-appellant that through error and mistake the motor number is erroneous. He was entitled to show, if he could, that this was so, and that the motor vehicle described therein was the identical car which was the subject of the action of replevin."

Although it is true that a statute such as this must be strictly construed, it must also be construed with common sense. See York Ice Machinery Corporation v. Kearney, 344 Pa. 659.

It is to be noted that section 2 of the 1945 Act in

question does not read that the property covered by the mortgage "shall be described" but reads that such chattel mortgage "may be described as all that property of a specified class so identified by reference to location, brands, marks, numbers or otherwise as to distinguish it from other property of the same class."

The important question to be asked in the case of a chattel mortgage under this act is as to whether or not the property has been described as to distinguish it from other property of the same class. In this case it is our opinion that it has been so distinguished.

It is therefore held that the description of the tractor on the chattel mortgage in question is sufficient to give notice to a purchaser for value.

And now, May 21, 1949, the preliminary objections are dismissed, defendant to be given 20 days within which to make an answer to the merits.