M. R. SMITH v. YOUNG BROS.

*Creditor and Debtor—Counter-claim—Conversion—Pleading.*

1. One cannot wrongfully gain possession of property and apply it, or its proceeds, to the satisfaction of a debt due from the owner.

2. If one acquires possession of property upon a promise to pay cash for it, but refuses to make such payment, and to return the property upon demand, he is guilty of wrongful conversion.

3. A party cannot set up, as a counter-claim to an action for tort, matters which arise out of a contract unconnected with the transaction sued on.

This was an ACTION commenced before a Justice of the Peace, and tried on appeal before *Winston, J.,* at the February Term, 1891, of HARNETT Superior Court.

During the year 1888 the plaintiff gave the defendants two promissory notes, secured by liens on his crop of 1888, for provisions, etc., for that year, and failed to fully pay off said notes, but at the commencement of this action there was a balance still due on said notes of $96. In the fall of 1890 the plaintiff carried a bale of cotton to the town of Dunn, in

which place defendant was doing business as general merchant and cotton buyer, and offered said cotton for sale, it being a part of his crop of 1890, and the defendants' agent being on the market bought the cotton as agent of defendants, weighed the same and gave the plaintiff a ticket to the defendants for the money for said cotton, amounting to $47.32. When the plaintiff presented his ticket to the defendants for his money, the pay for said cotton, the defendants refused to pay the plaintiff any money for said cotton, but against the consent of the plaintiff the defendants applied the cotton as a payment to the balance due of $96 on the notes of the preceding year. The plaintiff then, in a few days, began this action before a Justice of the Peace for the value of said cotton, alleging that the defendants had unlawfully converted the same to their use. The Justice decided that the defendants hold only a part of the cotton, and both sides appealed to the Superior Court. On the hearing, the defendants, having set up their counter-claim of $96, denied that there was any unlawful conversion. The defendants contended that there was no unlawful conversion, and that they were entitled, as a matter of right, to their counter-claim, $96, with interest on the same, and that the price of said cotton should go as a payment on said counter-claim, and that they have judgment against the plaintiff for the remainder of said counter-claim. His Honor held that there was an unlawful conversion, and that that was a tort, and that the defendants could not set up their counter-claim and were not entitled to the same in this action, and overruled the defendants' contentions, and gave judgment overruling the defendants' counter-claim, and judgment for the full amount of the cotton, together with the costs of this action, to which the defendants excepted and appealed.

No counsel for plaintiff.
*Mr. F. P. Jones, contra.*

109—15

AVERY, J.: In furtherance of the general purpose pervading *The Code* system of pleading to prevent a multiplicity of actions, when the controversies between the parties can be settled without the expense and delay incident to the old practice, the language of our statute (§ 244 of *The Code*, with subsections 1 and 2) was made very comprehensive, and interpreting it in the spirit that animated those who enacted it, we should certainly be slow to restrict its operation so as to prevent the pleading as a counter-claim of any demand within the statutory definition liberally construed.

Subsection 1 embraces, first, causes of action arising either out of the *contract* or *transaction* set forth in the complaint as the foundation of the action, and in giving effect to this clause it has been held not only that the defendant could plead a counter-claim growing out of the contract sued on, but that where action is brought for what would have been formerly denominated a tort, the defendant may set up a claim arising out of contract, if it also arises out of the *same transaction* or *vice versa*. *Bitting* v. *Thaxton*, 72 N. C., 541; *Walsh* v. *Hall*, 66 N. C., 233.

But the last clause of the subsection is even broader— permitting the party brought into court to meet a demand, whether purporting to arise out of contract or tort, by setting up, as a counter-claim, any state of facts "connected with the subject of the action" which would constitute sufficient ground for an independent action by the plaintiff against the defendant. But it cannot be maintained that dealings between the same parties, culminating in a settlement in which notes and mortgages on the crops of previous years were executed by the plaintiff, have any remote connection with the sale of the particular cotton out of which the controversy arose.

When the agent of the defendant weighed the cotton and gave the plaintiff a statement of the number of pounds to be taken to the defendants as evidence of the amount of

cash due, which he agreed to pay, and by such promise induced the plaintiff to give up his cotton, the refusal of the defendants to pay, and their retention of the cotton after demand, was a wrongful conversion of the property to their use, and the plaintiff had the right to recover its value ($47.32) in the action before the Justice of the Peace. *Carraway* v. *Burbank*, 1 Dev. 306; *Ragsdale* v. *Williams*, 8 Ired., 498. The defendants bought for cash and were bound to pay the money or return the cotton. A man cannot take property wrongfully and apply the value of it rightfully, even in discharge of a just debt due him from the owner. If tolerated, it would prove a dangerous and demoralizing method of collecting debts. The sale was properly treated as a nullity by the Court, upon the general principle that a purchase made with the intent to get the property without paying for it is fraudulent, and voidable at the instance of the seller. 1 Benjamin on Sales, § 656 and note 18; *Donalson* v. *Farwell*, 93 U. S. Rep., 631. If a suit, in the nature of an action for conversion, is brought and can be maintained, then a defendant will not be allowed to set up a debt as a counter-claim under subsection 2, because that, by its express terms, applies only where the action is brought to enforce a contract, and here the defendant did not elect to waive the tort.

For the reasons given, we think that the judgment of the Court below should be affirmed.

Judgment affirmed.