A. BLOCK v. W. F. DOWD.

*Action to Recover Personal Property— Conditional Sale—Lien for Repairs—Release of Lien.*

1. A mechanic's lien on a chattel for repairs is released upon its delivery to the owner after the repairs are finished.

2. Where one sold a bicycle to another, retaining title until the purchase price should be paid, and thereafter made repairs upon it and returned it to the purchaser and again obtained possession against the purchaser's protest; *Held,* that he had no lien on the property for such repairs.

3. A mortgagee in possession of the mortgaged lands, being chargeable with rents, is entitled to credit for necessary repairs; not so with the mortgagee of personalty which yields no income.

CIVIL ACTION, for the recovery of personal property, tried before *Norwood*, *J.*, and a jury, at January Term, 1897, of MECKLENBURG Superior Court. There was a verdict for

the defendant and from the judgment thereon plaintiff appealed.

*Messrs. J. A. Bell* and *T. H. Sprinkle,* for plaintiff (appellant).

*Messrs. Jones & Tillett,* for defendant.

FURCHES, J.: This is a civil action for the possession of a bicycle which the plaintiff bought of the defendant upon the instalment plan. The plaintiff has paid the defendant the price agreed upon, except the sum of $12. This he tendered to the defendant before he commenced this action, and kept the same good to the time of the trial. The wheel was delivered to the plaintiff at the time of the purchase. But the sale was a conditional one, and the property in the wheel was to remain in the defendant until all the purchase money was paid—thus placing the plaintiff in the attitude of a mortgagor and the defendant in the position of a mortgagee.

After the plaintiff had been in possession of the wheel for some time, he broke the same and took it to the defendant for repairs. The defendant had the repairs made, for which he charged $16, and returned the wheel to the plaintiff. After the repairs were made, the plaintiff made a part of the payment, which he claims reduced the amount due to $12. And it is admitted that if all the payments are to be credited on the purchase price, the amounts still due would be only $12. There was some question as to whether all these payments had been credited on the purchase price of the wheel or not. But it was agreed by counsel, who argued the case for plaintiff and defendant, that this appeal depended on the defendant's right to retain the wheel (which he had taken from the possession of the plaintiff against his consent and protest) until both

debts were paid—the defendant claiming that he had the right to hold the property, not only for the payment of the $12 balance due on the purchase price of the wheel, but also for the $16, the price of the repairs which had not been paid. This being so, we will not discuss the question of tender, nor the application of the money paid by the plaintiff.

The defendant places this contention of his right to retain the wheel until both debts are paid, on two grounds:

· First, The right to retain the wheel for repairs, under the common law right of mechanics· to retain the property repaired until the charges for such repairs are paid.

And, secondly, upon the ground that he occupies the ground of a mortgagee in possession, and is entitled to pay for necessary repairs to the premises while in possession.

The court below sustained these contentions, and from a judgment in favor of the defendant the plaintiff appealed.

The defendant's first contention cannot be sustained, for the reason that if he ever had a mechanic's lien for repairs, it was discharged when he delivered the wheel back to the plaintiff after the repairs had been made. *McDougall* v. *Crapon*, 95 N. C., 292.

The defendant's second ground cannot be sustained. If the defendant had necessarily expended money to perfect the plaintiff's title to the wheel, which stood as a security for his debt, he would have been entitled to have this paid back before the plaintiff would be entitled to the wheel. That is, this would have been a superior equity to the plaintiff, and must have been paid. *Bank* v. *Clapp*, 76 N. C., 482. But this is not the case, as there is no question of title here; and if there had been, as the plaintiff bought of the defendant, the defendant would have been entitled to nothing for perfecting the same. It cannot be sustained upon the ground that the defendant was a mort-

gagee in possession and put necessary repairs upon the premises. This doctrine, as we understand it, applies where the mortgagee is in possession of the mortgaged premises, receiving the rents and profits in discharge of his debt, and for which he is bound to account to the mortgagor. It is said in such cases that he is entitled to have such necessary repairs allowed *in his account.* This doctrine seems to obtain in mortgages of real estate. But we do not say but what the same doctrine would obtain in the mortgage of personal property, where the mortgagee was in possession of the mortgaged property that was yielding a profit for which he would have to account to the mortgagor. We see no reason why it should not.

But in this case, if the defendant is to be considered as a mortgagee in possession, it was of property that was yielding no rents or profits for which he was to account. There is error.

New Trial.