HOKE, J., dissenting in part; WALKER, J., concurring in dissent.
This was an action brought by E. A. Glazener, Jack Fisher, and C. P. Hogsed, separately, to enforce a laborer's lien, and tried together by consent. Judgment below was entered against Glazener and Fisher, from which they appealed, and in favor of C. P. Hogsed, from which the defendants appealed.
By consent, the court found the facts, which are as follows: The defendant lumber company entered into a contract with Donald Campbell under which he took over the band sawmill and all attachments, the railroad for hauling out logs, and entire rolling stock and certain sections of the timber boundary which the defendant lumber company had been operating, and became responsible for the upkeep of the entire property, and employed and became responsible for the wages of the *Page 740 
laborers, among whom are the three plaintiffs. They represent distinct classes of employees, and about one hundred other actions brought by the other employees to enforce laborer's lien for their wages abide the result of the appeal by these three plaintiffs.
It is admitted that the lumber company had no control over the employees of Campbell, and did not assume any obligation to pay them after they entered Campbell's employment, and the court found that the debts due the plaintiffs were the sole obligation of Campbell, except in so far as they might, as a matter of law, have the lien which they claim.
The court also found that the plaintiff E. A. Glazener was an employee of the defendant lumber company prior to 15 July, 1913, and after the property was turned over to said Campbell he was employed by him. He was an employee in the blacksmith's shop which was a part of the plant, and worked therein, "making small repairs from time to time on the cars which were used in hauling out the logs from the woods," and he also made necessary repairs, in the way of blacksmithing, to the sawmill machinery. He was paid by Campbell for the months of August and September, but there was a balance due him for October and November of $86.13 for labor and services rendered in the respect above mentioned, for which he began his action before a justice of the peace and filed his lien against two engines, two logging cars, and certain logs and lumber.
The court finds the facts as to the claim of Jack Fisher to be the same as in the case of Glazener, except that Fisher was a section hand and worked upon the railroad, repairing its tracks, its trestles and bridges from day to day, as he was directed to do by the section foreman, and that there is due him the sum of $11.07 for work and labor done, for which he began his action before a justice and filed his notice of lien upon the same property as Glazener, above set out.
(678) As to the claim of C. P. Hogsed, the court finds the same facts as above, with these exceptions: The said Hogsed worked in the band sawmill, receiving the plank as it fell from the saw and placing it upon a mechanical device, and there is due him for said service and labor a balance of $12.30 for work and labor done in November, 1913, for which he brought action and filed the lien on the same property as Fisher and Glazener.
The court was not asked to find, and did not find, whether the lumber company was indebted to Campbell upon the contract, as there is an action pending between them to settle their differences.
The court adjudged that the claim of Glazener, who was an employee in the blacksmith shop making repairs on the cars, and of Fisher, who was a railroad hand working on the track and repairing bridges, were not liens upon the lumber of other property named above in the lien *Page 741 
filed, but that the claim of Hogsed, who aided in cutting the lumber by taking the boards from the saw as cut and placing them on a truck, was such lien, provided, of course, that there was an indebtedness found to be due from the lumber company to Campbell at the time the notice of the lien was given.
We think his Honor's decision was well considered and correct as to all three parties. The lien claimed by Glazener and Fisher could have no validity unless it comes under the provisions of Revisal, 2017 or 2016. Revisal, 2017, provides:
"Personal Property Repaired. — Any mechanic or artisan who shall make, alter, or repair any article of personal property at the request of the owner or legal possessor of such property shall have a lien on such property so made, altered, or repaired, for his just and reasonable charge for his work done and material furnished, and may hold and retain possession of the same until such just and reasonable charges shall be paid"; with a further provision that if not paid within the time specified, such mechanic or artisan may proceed to sell the property so altered or repaired at public auction, upon giving the notice required. This act does not apply, because it is held that under this statute, if the mechanic or artisan surrenders possession of the property, he loses his lien. Tedder v.R. R., 124 N.C. 344; Block v. Dowd, 120 N.C. 402; McDougall v. Crapon,95 N.C. 292.
The other section is as follows (Revisal, 2016):
"On Buildings or Other Property. — Every building built, rebuilt, repaired, or improved, together with the necessary lots on which such buildings may be situated, and every lot, farm, or vessel, or any kind of property not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same or material furnished."
This section is also construed in Tedder v. R. R., 124 N.C. (679) 342, as meaning that the "Legislature has provided a lien only when the service or labor is for the betterment of property on which it is bestowed, leaving the laborer in all other cases to secure himself as at common law" — i. e., by retaining in his possession any property on which he makes repairs until paid for the same.
It would seem clear, therefore, that Glazener has no lien on the "two engines, two logging cars, and the logs and lumber." It does not appear that he made any repairs or did any work on any of this particular property, and certainly not on the logs and lumber, which is the material point. If he made any repairs on these cars, it does not appear, and he certainly did not retain his lien by keeping possession, as was necessary to a common-law lien. *Page 742 
The same is true as to Fisher, who repaired the tracks, trestle, and bridges, against which he has filed no lien, even if he was entitled to do so under Revisal, 2016. As already stated as to Glazener, Fisher could have no lien on "personal property repaired" under Revisal, 2017, because he surrendered possession of the same. Block v. Dowd, 120 N.C. 402, and other cases above cited. Revisal, 2018, applies only to laborers "constructing railroads."
As to the claim of Hogsed, that stands upon an entirely different footing. Laws 1913, ch. 150, sec. 6, provides: "Every person doing the work of cutting or sawing logs into lumber, getting out wood pulp, acid wood, or tan-bark, shall have a lien upon said lumber for the amount of wages due them, and the said lien shall have priority over all other claims or liens upon said lumber, except as against a purchaser for full value and without notice thereof." Hogsed may properly be said to have shared in "the work of cutting or sawing logs into lumber," but has a lien against lumber only.
Laws 1913, ch. 50, sec. 4, applies only where the contractor's business is to build, alter, or repair any building, vessel, or railroad, which was not the case here. Here there was a great plant in which there was some incidental repairing done on the railroad and cars, but that was not the contract within the purview of sec. 4, ch. 150, Laws 1913. The laborer thus repairing the cars could have a lien only upon the identical cars repaired, which is not shown to be the case here, and then only if he had kept such personal property in his possession. There was no building or railroad being "constructed" upon which the lien could have been filed, nor in fact was any attempted to be filed thereon.
His Honor properly found that neither Glazener nor Fisher was entitled to any lien upon the property described in their notice and claim of lien. He also adjudged that the lien of Hogsed was valid, was (680) properly filed, and notice was given as required by law, and that there was due him $12.30 for work done in receiving the plank as it fell from the saw and placing it upon the truck that carried it away.
The contract between the lumber company and Campbell was that he was to take the plant into sole control, employ his own laborers, be responsible for the upkeep of all equipment and for the pay of all employees, and was to receive $10 per thousand feet for all lumber which he sawed and stacked in the defendant's (lumber company) yard. The court refused to find whether there was anything due Donald Campbell from the lumber company, as there is a suit between them to settle that matter, and also refused to decide whether the lumber company is indebted to the plaintiff as an original obligor or only by virtue of the notice and lien given under chapter 150, Laws 1913. Such a judgment is similar to a *Page 743 
judgment quando against an executor or administrator under the former system of procedure, whereby the amount and validity of a claim against an estate was determined, but no execution could issue until assets applicable to such indebtedness came into the hands of the personal representative.
The claim of Hogsed, under the statute, is a preferred lien upon the lumber in the sawing of which he participated and upon which he filed his lien, in preference to Campbell or any one else.
As to all the parties appealing, the judgment is
Affirmed.