MAXTON AUTO COMPANY, INC., v. E. S. RUDD.

(Filed 27 November, 1918.)

**1. Contracts — Repudiation — Consideration Retained — Estoppel in Pais— Vendor and Purchaser.**

A party to a contract may not retain its benefits and repudiate its obligations and burdens, or retain advantages in the course of a business deal or negotiations, when he has renounced and refused to abide by its terms; the principle is based upon the doctrine of estoppel *in pais*, which, in its. last analysis, rests upon principles of fraud. In such case it is not always necessary that the fraudulent purpose be present at the inception of the transaction, but at times may operate and become effective by reason of an unconscionable refusal to return the consideration or make such restitution as equity and good conscience require.

**2. Mechanics' Liens—Possession—Checks—Payment Stopped—Cash Transactions—Repossession.**

A mechanic ordinarily loses his right of lien upon an automobile for the price or value of repairs by surrendering possession to the owner; but where the possession is relinquished by him upon receiving a check for the amount, and drawer having stopped payment of the check, the transaction is upon a cash basis, and the owner may not retain possession of the automobile, so as to deprive the repairer of his mechanic's lien.

**3. Sunday—Statutes—Bills and Notes—Checks—Mechanics' Liens.**

Where a mechanic has repaired an automobile for its owner during the week, and delivered possession to him on Sunday on receipt of his check to cover his charges, the fact that the check was dated on Sunday does not render it invalid under our statute, Revisal, sec. 2836, or permit the owner to stop its payment and retain the car in his possession; so as to release it. from the lien thereon for the amount of the repairs.

**4. Costs—Statutes—Recovery.**

Where the controversy is made to depend upon the right of the mechanic to repossess an automobile that he has repaired, in order that he may enforce his lien thereon, and the jury has found in the plaintiff's favor upon determinative issues, but in defendant's favor upon an issue of fraud, the question of taxing the cost does not depend upon the finding of the jury upon the issue of the defendant's fraud, and the plaintiff, having established his right to the possession, he is entitled to recover the costs, under our statute, Revisal, sec. 1264 (2).

ACTION, tried before *Harding, J.,* and a jury, at April Term, 1918, of SCOTLAND.

The action was to recover a Franklin automobile for the purpose of enforcing a mechanic's lien thereon for repairs, under section 2017, Revisal. Plaintiff claimed, and offered evidence tending to show, that in August, 1916, plaintiff company had repairs done to automobile of defendant, purchasing new parts for same, etc., the bill amounting to $71.48, with protest fees for check given, $1.75, amounting to $73.33.

32—176

That defendant gave plaintiff his check for same on Bank of Laurinburg and was thereupon allowed to take possession of the property; that defendant, having thus obtained possession, stopped payment of said check, and plaintiff alleged, further, that this was done by defendant with the fraudulent view and purpose so to obtain the property, and thus deprive plaintiff of his lien, etc.

Defendant alleged, and offered evidence tending to show, that under the contract plaintiff was to put defendant's car in good shape; that the repairs to his machine were of no benefit to it; that he immediately had to have necessary repairs made to the extent of $42.41, and further, that while defendant's car was in care of plaintiff at its garage the tools and lap robe therein belonging to defendant were lost by reason of plaintiff's negligence, to defendant's damage, $29.75, and defendant, denying any and all liability on the claim, set up a counterclaim against plaintiff based on these averments and evidence, and, denying any and all fraudulent purpose, averred that he had stopped payment of check because he discovered on trial that plaintiff's pretended repairs had been without benefit, etc. Defendant having replevied the car, on issues submitted, the jury rendered the following verdict:

1. Is the defendant indebted to the plaintiff as alleged in the complaint, and if so, in what amount? Answer: "$73.23."

2. Is the plaintiff indebted to the defendant as alleged in the answer, and if so, in what amount? Answer: "$47.50."

3. Is the indebtedness by defendant to plaintiff a mechanic's lien upon the automobile referred to in the complaint? Answer: "Yes."

4. Did the defendant wrongfully and fraudulently obtain possession of the automobile from the plaintiff, as alleged? Answer: "No."

5. Does the defendant wrongfully withhold possession of the automobile from the plaintiff? Answer: "No."

6. What was the value of the automobile at the time it was replevied by the defendant? Answer: "$200."

The court being of opinion that, on the record and facts in evidence, the fifth issue should be answered "Yes" as a matter of law. Judgment for plaintiff, including costs of action, and defendant excepted and appealed.

*No counsel for plaintiff.*
*Cox & Dunn for defendant.*

HOKE, J. In general terms, it is said that a man may not assume and maintain inconsistent position to the prejudice of another's rights. He cannot retain the benefits of a contract and repudiate its obligations and burdens, nor can he hold to the advantages acquired in the course of a

business deal or negotiation, and by reason of it, when he has himself renounced and refused to abide by the terms. The position is usually referred to the doctrine of estoppel *in pais,* which rests, in its last analysis, on the principles of fraud, and it is not always necessary that the fraudulent purpose shall be present at the inception of the transaction, but the principle may at times operate and become effective by reason of an unconscionable refusal to return the consideration or make such restitution as equity and good conscience requires. *McCullers v. Cheatham,* 163 N. C., 61; *Smith v. Young,* 109 N. C., 224; 10 R. C. L., title, Estoppel, 688; Bigelow on Estoppel, 7441; 16 Cyc., 785, *et seq.*

Approving these general principles in *Smith v. Young, supra,* where one had sold another his cotton for cash, and the purchaser undertook to apply the proceeds to notes held by him against the vendor, and it was held that the latter had the right to disaffirm the sale and recover the full price of the cotton in an action for wrongful conversion, *Avery, J.,* delivering the opinion, said: "The defendants bought for cash and were bound to pay the money or return the cotton. A man cannot take property wrongfully and apply the value of it rightfully, even in discharge of a just debt due him from the owner." And so here, the plaintiff company, having repaired defendant's car, had a mechanic's lien thereon for the amount due. Revisal, sec. 2017. Construing the statute, our Court has held that the lien is lost by surrendering possession to the owner. *Black v. Dowd,* 120 N. C., 402; *McDougal v. Crapon,* 95 N. C., 292.

Defendant, in payment of the claim, gave plaintiff a check on the bank for the amount, importing a cash payment, and thereby plaintiff was induced to surrender the possession of the car. Defendant, believing that the repairs had been of no benefit, stopped payment of the check, but when he does so he must restore plaintiff's possession and put him in the position to enforce his mechanic's lien for the amount due. No doubt the defendant had no fraudulent purpose in giving the check, and the jury have found that there was no actual fraud, but having obtained possession of his car under a promise to pay cash, on refusal, he is estopped to resist enforcement of mechanic's lien by reason of the possession thus acquired.

It is contended for defendant that plaintiff is prevented from asserting his claim by the fact that the check was given and the car delivered to the owner on Sunday, and an exception is noted for refusal to submit an issue as to these facts. In our opinion, if this were established it would only tend to strengthen the plaintiff's position, but under our decisions construing section 2836 of Revisal, that which forbids the pursuit of one's ordinary calling on Sunday, the law is restricted to those acts and callings which have a tendency to interfere with the seemly

observance of the day, and so construed, it would not, on the facts of this record, invalidate the check or inhibit the delivery of the car on Sunday, the repairs to the car having been made in the working days of the week. *Rodman v. Robinson,* 134 N. C., 503; *Melvin v. Easley,* 52 N. C., 356.

It may be well here to note that the statute excepts works of necessity, etc., and would no doubt permit repairs to be made in a clear case of emergency.

It was further insisted for defendant that the issue chiefly debated between the parties, and that on which the larger part of the costs accrued, was the fourth, addressed to the question of actual fraud, and that defendant, having obtained the verdict on that issue, the costs of same should not be taxed against him. But the suit is to recover possession of the car to enable plaintiff to enforce a mechanic's lien for the amount due, and plaintiff having established his right of action for the purpose indicated the costs follow the recovery by express provision of the statute. Revisal, sec. 1264, subsec. 2.

There is no error, and judgment in plaintiff's favor is affirmed.

No error.