C. D. SIDES, TRADING AS SIDES LUMBER COMPANY, v. U. D. TIDWELL, Q. B. YATES AND C. O. CARTER, TRUSTEES OF THE CHURCH OF GOD; L. J. MILLER, TRUSTEE, AND J. W. FURR.

(Filed 8 November, 1939.)

**1. Trial § 22b—**

Upon motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff.

**2. Contracts § 1—**

In order to make a valid contract, the parties must agree to each of its terms at the same time and in the same sense, and each of its terms must be certain or capable of being made certain by proof.

**3. Contracts § 9—**

Plaintiff's evidence that plaintiff was to furnish at an agreed price all building materials. except brick and cement, necessary to the construction of a church in accordance with a blueprint, is sufficient to be submitted to the jury on the question of whether the contract was entire and indivisible, and the fact that plaintiff was not called upon to deliver all of such material does not alter the result.

**4. Laborers' and Materialmen's Liens § 8—**

Evidence that plaintiff agreed to furnish certain material for a building by entire and indivisible contract and that he began to furnish material thereunder prior to the registration of a deed of trust on the property, *is held* sufficient to be submitted to the jury on the question of the priority of plaintiff's lien for materials furnished over the lien of the deed of trust.

APPEAL by defendants L. J. Miller, Trustee, and J. W. Furr from *Bobbitt, J.,* at June Term, 1939, of CABARRUS.

Civil action to recover on contract for building materials furnished and to declare a prior lien therefor.

Plaintiff alleges in substance that, beginning 19 August, 1937, and ending 12 November, 1937, pursuant to an entire and indivisible contract, he furnished to defendants, Trustees of the Church of God, certain building materials of the value of $1,499.74 to be used in the erection of a church on a certain lot of land owned by said defendants in the city of Concord, North Carolina, against which he is entitled to materialman's lien in the sum of $1,183.01, with interest, balance due and unpaid after allowing credit for payment of $316.73, for which balance notice of claim was duly filed and on which this action was instituted in due time; that on 25 August, 1937, defendants, Trustees, executed and delivered to defendant L. J. Miller, Trustee, a deed of trust, which was duly registered 28 August, 1937, conveying the said lot of land as security for

their note for $3,000 payable to defendant J. W. Furr, to which lien of plaintiff is superior.

Defendants deny that the materials were furnished pursuant to an entire and indivisible contract, that the balance due is correct, and that lien asserted by plaintiff is prior to the lien of deed of trust to L. J. Miller, Trustee. Defendants aver that plaintiff was paid $375.43 in full for materials and lumber furnished to 5 October, 1937. Other allegations are admitted.

On the trial below plaintiff testified: That some time in August, 1937, Rev. L. J. Miller, pastor of the Church of God, came to his office and said that they were building a new church on West Depot Street, and wanted to see about getting material; that he had a blueprint, and "we looked over that"; that he said: "It is to be built just like the church at Cramerton"; that after he, Sides, inquired of Mr. Miller as to what arrangements had been made for financing the purchase of material and building the church, he asked: "What material do you want?" Mr. Miller replied: "We have the grill and we are going to get the cement; we want all the doors, floors, ceiling and roofing." He asked the price, and "We made him a price." He said: "For a church you would take off some of that?" I said, "If you go ahead and pay along as you go, and when you get through, pay it off in full, I will give you 3% discount." He replied, "I am sure the Lord will bless you." I said, "If you are going to do that, I will furnish it." "He gave me an order for what he wanted and I told him I'd send it. I inquired about his credit, and in pursuance of that agreement I did furnish the material for the church just as we agreed." Plaintiff further testified that he investigated the title to the lot belonging to the Church of God, and found it free from encumbrance; that he began furnishing the material on 19 August, 1937, on which date eight pieces of 2 x 8's were furnished; that the total material furnished amounted to $1,497.49, of which amount $316.73 was paid on 5 October, 1937; that at that time he received a check for $375.43, but that the difference between the amount received and the amount credited on the open account was for material bought on that date, as a cash transaction. On cross-examination plaintiff testified "that the second bill was dated August 31, 1937, and was for eight steel basement sashes." Later he was asked: "You state you made a contract with Rev. Miller to furnish material?" He replied: "That is right." Further, "Was there any agreement as to the total amount that you were to furnish?" A. "No, sir; he said he got it for around $3,500 in Cramerton, and I assumed this church would cost around $3,500."

P. A. Hargett, witness for plaintiff, with respect to the same transaction, stated that Mr. Miller wanted prices "on all material outside of the brick and cement—roughing, flooring, ceiling, sheathing and some

16—216

dressed framing, doors, windows, steel casing, coal chute and several other items." This witness further testified that, after Mr. Sides had given the prices as requested by Mr. Miller, and had agreed upon the discount, Mr. Miller said: "We will buy that material."

For the defendant, L. J. Miller testified that he was pastor of the Church of God at the time of the purchase of the material from the Sides Lumber Company, that he went to the Sides Lumber Company in August, 1937, for the purpose of obtaining prices for the material with which to build said church; that he obtained prices also from two other lumber companies; and that the only material purchased in August, 1937, from the Sides Lumber Company were eight pieces of 2 x 8's. He said: "After I told Mr. Sides we were going to get the money from Mr. Furr, he was in to sell me the material. He wanted to sell all the material to me, but I seen where I could buy it at another place cheaper than I could buy from him, and that is the reason I didn't buy it all from him. There wasn't any agreement that I was to buy all from him. When I gave Mr. Sides that check he told me, 'Anything you want, you come and get it.'" Witness also stated that on 5 October, 1937, he gave Sides Lumber Company a check for $375.43, which paid their bill in full to that date, but that he later bought material amounting to the sum of $1,124.31.

These issues were submitted to and answered by the jury:

"1. In what amount are the defendants, Trustees, indebted to the plaintiff?

"2. Did the plaintiff furnish and deliver the materials described in the notice of claim of lien pursuant to an entire and indivisible contract, as alleged in the complaint?

"3. If so, were any materials furnished and delivered by the plaintiff to the defendants, Trustees, thereunder prior to the registration of the deed of trust to L. J. Miller, Trustee, to wit, August 28, 1937?"

The jury answered the first issue "Yes, $1,183.01," the second issue "Yes," and the third issue "Yes."

From judgment thereon in favor of plaintiff for the sum of $1,183.01, and declaring same a lien upon the lot in question as of 19 August, 1937, superior to that of the said deed of trust, defendants L. J. Miller, Trustee, and J. W. Furr appeal to Supreme Court and assign error.

*Sherrin & Barnhardt for plaintiff, appellee.*
*W. S. Bogle for defendants, appellants.*

WINBORNE, J. Appellants' challenge to the judgment below is directed solely to the refusal of the court to grant motion, made in apt time by them, for judgment as in case of nonsuit. C. S., 567. They

contend: (1) That there is not sufficient evidence to establish an entire and indivisible contract between plaintiff and defendants, Trustees of the Church of God, for furnishing the building material for which lien is claimed by plaintiff; and (2) that if there be sufficient evidence of such contract, the pieces of lumber furnished 19 August, 1937, do not "constitute material in the building" of the church, and, hence, plaintiff did not begin to furnish material under such contract until after 28 August, 1939, the date on which the deed of trust was registered.

Viewing the evidence in the light most favorable to plaintiff, as we must do in considering motions of this character, we are of opinion that the evidence with respect to both contentions is abundantly sufficient to present a proper case for determination by the jury.

· (1) In the making of a contract it is essential that the parties thereto assent to the same thing in the same sense, and their minds must meet as to all the terms. *Elks v. Ins. Co.,* 159 N. C., 619, 75 S. E., 808; *Croom v. Lumber Co.,* 182 N. C., 217, 108 S. E., 735; *Dodds v. Trust Co.,* 205 N. C., 153, 170 S. E., 652.

To be binding the terms shall be definite and certain, or capable of being made so. *Elks v. Ins. Co., supra.* But the contract need not definitely and specifically contain in detail every fact to which the parties are agreeing. It is sufficient if the terms can be made certain by proof. "An agreement is sufficiently definite as to quantity if a reasonably exact meaning with respect thereto can be ascertained by a proper interpretation of the agreement as shown by admissible evidence." 12 Amer. Jur., 560.

Tested by these principles there is evidence in the present case upon which the jury could reasonably find that the parties entered into a contract by the terms of which plaintiff was to furnish all the material, except brick and cement, required immediately in the construction of a building "just like the church at Cramerton" in accordance with the blueprint in hand and examined by the parties, to cost approximately $3,500, for the financing of which arrangements had been made. The fact that plaintiff was not called upon to deliver all of the material does not alter the situation.

(2) Likewise, evidence of the circumstances surrounding the ordering out of the material, 2 x 8's, on 19 August, 1937, is such that the jury could fairly find it to be a part of the material covered by the agreement then made. There is no evidence to the contrary.

In the judgment below we find

No error.