BARBRE-ASKEW FINANCE, INC. v. MAURICE WOOTEN THOMPSON, *INDIVIDUALLY*, AND R. J. ROBINSON, *TRADING AS* R. J's. AUTO SERVICE.

(Filed 20 November, 1957)

1. **Chattel Mortgages and Conditional Sales § 15—**

   Nothing else appearing, the mortgagee in a duly registered instrument is, upon default, entitled to possession, and the burden is upon one claiming right to possession under a mechanic's lien to prove his lien and that it has priority over the lien of the chattel mortgage. Therefore, nonsuit is correctly denied in the mortgagee's action to enforce his lien with ancillary claim and delivery proceedings.

2. **Mechanics' Liens § 1—**

   The mortgagor in possession of the chattel with the consent of the mortgagee is "the owner or legal possessor" within the meaning of G.S. 44-2 and has implied authority from the mortgagee to contract for repairs, and therefore the mechanic making repairs authorized by such mortgagor is entitled to possessory lien for such repairs.

3. **Mechanics' Liens § 2—**

   G.S. 44-2 affirms the common-law mechanic's lien and gives the super-added right of foreclosure by sale in order to make the lien effective, and the statute is self-executing so that compliance with G.S. 44-38 *et seq.* is not required to perfect the lien.

4. **Same—**

   The common-law mechanic's lien is based upon possession, so that if the mechanic voluntarily and unconditionally surrenders possession of the chattel to the owner, the lien is lost and cannot be revived by any subsequently acquired possession by the mechanic.

5. **Chattel Mortgages and Conditional Sales § 12: Mechanics' Liens § 2—**
   **Later possession acquired by mechanic under agreement cannot reinstate lien.**

   Where a mechanic makes certain repairs to the chattel and thereafter voluntarily surrenders possession thereof to the owner under an agreement that the owner should later return the chattel for the completion of the repairs, the mechanic may have a contractual lien as against such owner under the agreement, but loses his common-law possessory lien to which G.S. 44-2 relates, and upon his reacquisition of possession for the purpose of completing the repairs may assert as against the mortgagee in a prior registered chattel mortgage a lien only

for the cost of completing the repairs, notwithstanding that all the repairs were made under an indivisible contract.

6. Same—

The only lien that takes precedence over a duly recorded chattel mortgage is a mechanic's possessory lien, which does not include any lien created or subsisting by any contractual agreement of the mortgagor.

APPEAL by defendant Robinson from *Moore, (Clifton L.), J.,* May Civil Term, 1957, of LENOIR.

This appeal relates solely to priority as between plaintiff's valid (recorded) chattel mortgage lien on a Chevrolet automobile and defendant Robinson's asserted mechanic's lien thereon.

Defendant Thompson filed no answer.

Undisputed facts include the following:

On November 7, 1956, Thompson, the owner of the Chevrolet, for money borrowed, executed and delivered to plaintiff a first lien chattel mortgage thereon as security for his promissory note for $913.58, payable in installments; and, on account of Thompson's failure to pay an installment due on or about February 5, 1957, he became and is indebted to plaintiff in the amount of $796.38 with interest. On November 7, 1956, the chattel mortgage was duly recorded.

Thompson had the possession and use of the Chevrolet thereafter except when Robinson had possession thereof at the times and under the circumstances stated below.

On December 9, 1956, the Chevrolet was involved in a wreck and was damaged. Thereafter, on or about December 12, 1956, it was delivered by Thompson to Robinson for repairs. On or about December 17, 1956, after making the major repairs, Robinson delivered the Chevrolet to Thompson for his use; and on January 9, 1957, Thompson returned it to Robinson who made further minor repairs thereon. From January 9, 1957, Robinson had exclusive and continuous possession of the Chevrolet.

This action was commenced February 21, 1957; and on that date, in claim and delivery proceedings ancillary to this action, the sheriff seized the Chevrolet. Its fair market value when so seized, as established by the verdict, was $650.00. Robinson gave a replevy bond and has had possession *pendente lite.*

The issues relating to Robinson's asserted mechanic's lien on the Chevrolet, and the jury's answers, were as follows: "5. In what amount is the defendant, Maurice Wooten Thompson, indebted to the defendant, R. J. Robinson, for all repairs to said automobile? Answer: $338.90. 6. In what amount is the defendant, Maurice Wooten Thompson, indebted to the defendant, R. J. Robinson, for repairs made to said automobile on January 9, 1957? Answer: $30.00. 7. Does the defendant, R. J. Robinson, have a lien on said automobile for repairs? An-

swer: Yes. 8. Were the repairs to said automobile by the defendant, R. J. Robinson, including the repairs on January 9, 1957, if any, made pursuant to an entire and indivisible contract to repair the same? Answer: Yes. 9. After making repairs on said automobile in December 1956, did the defendant, R. J. Robinson, surrender possession of said car to the defendant, Maurice Wooten Thompson, with the understanding that it was to be returned to him later for alignment of the front end and compounding the paint on the automobile? Answer: Yes."

Pertinent to this appeal, it was adjudged that Robinson had a lien on the Chevrolet prior to plaintiff's chattel mortgage lien to the extent of the repairs made by Robinson on January 9, 1957, that is, for $30.00; but, with this exception, it was adjudged that plaintiff's chattel mortgage was a first and prior lien on the Chevrolet as security for Thompson's debt of $796.38.

The judgment provided that the Chevrolet be sold by a commissioner, with directions that the commissioner distribute the net proceeds derived from such sale in accordance with the adjudication of priorities set forth in the preceding paragraph.

Defendant Robinson excepted and appealed, assigning as error (1) the overruling of his motions for judgment of nonsuit, and (2) the said judgment.

*Whitaker & Jeffress for plaintiff, appellee.*
*J. Harvey Turner for defendant Robinson, appellant.*

BOBBITT, J. The validity of the debt due by Thompson to plaintiff and of plaintiff's chattel mortgage lien as security therefor was not and is not challenged. Nothing else appearing, plaintiff, on account of Thompson's default, was entitled to possession. The burden of proof was on Robinson to prove his allegations that he had a mechanic's lien on the Chevrolet and that his lien had priority over the lien of plaintiff's chattel mortgage. Hence, the court was correct in overruling Robinson's motions for judgment of nonsuit.

The question for the decision is whether, *upon the facts established by the verdict,* Robinson's lien has priority only to the extent of $30.00, for repairs made January 9, 1957, as held by Judge Moore, or to the extent of $338.90, for all repairs, as contended by Robinson.

As to the work done on January 9, 1957, Robinson testified: "I completed the compounding, a little touching it up, and put it on the bearing machine to align it, compound the paint and rub it."

It is noted that the issues do not refer to the allegations of any pleading but set forth explicitly the matters determined thereby. Compare: *Pruett v. Pruett, ante,* 13. The charge is not in the record. Therefore, decision turns on the legal signif-

icance of the facts spelled out in the verdict, principally the fact that Robinson, after making the repairs in December, 1956, *surrendered possession* to Thompson *with the understanding* that the Chevrolet was to be returned by Thompson to Robinson later for alignment of the front end and compounding the paint on the automobile.

Priority as between the lien of a valid, properly recorded chattel mortgage and a mechanic's lien for repairs subsequently made on the chattel at the request of the "owner or legal possessor," has been the subject of many decisions throughout the country. Annotations: 36 A.L.R. 2d 229; 88 A.L.R. 1185; 32 A.L.R. 1005. Often decision is based in whole or in part upon the provisions of a statute. The decisions are in irreconcilable conflict. The view that such chattel mortgage lien has priority, absent a finding that the mortgagee has expressly or impliedly authorized or consented to the performance of the services, has been adopted in many jurisdictions. On the other hand, there is substantial authority for the rule adopted by this Court and discussed below, that is, the rule most favorable to the mechanic.

G.S. 44-2, in part, provides: "Any mechanic or artisan who makes, alters or repairs any article of personal property at the request of the owner or legal possessor of such property has a lien on such property so made, altered or repaired for his just and reasonable charge for his work done and material furnished, and may hold and retain possession of the same until such just and reasonable charges are paid"; and the further provisions vest in such lienor the right of foreclosure and prescribe the procedure for the exercise of such right.

This Court decided in *Johnson v. Yates*, 183 N.C. 24, 110 S.E. 603, and in *Sales Co. v. White*, 183 N.C. 671, 110 S.E. 607, that a mortgagor, in possession of an automobile with the consent of the mortgagee, is "the owner or legal possessor" thereof within the meaning of G.S. 44-2 and has implied authority from the mortgagee to contract for repairs; that, when authorized by such mortgagor, the mechanic who makes such repairs has a lien on the automobile and *may retain possession thereof* until his just and reasonable charges are paid; and that, if he preserves his lien thereon by retaining possession of the automobile, the mechanic's lien is superior to the lien of a duly recorded prior mortgage on the automobile. Compare *Willis v. Taylor*, 201 N.C. 467, 160 S.E. 487.

Ordinarily, where an asserted lien is created and exists solely by statute, it must be perfected in the manner prescribed by G.S. 44-38 *et seq.* But G.S. 44-2, upon which Robinson relies, "is a self-executing enactment"; hence, compliance with G.S. 44-38 *et seq.* is not required to perfect the lien referred to therein. *McDougall v. Crapon,* 95 N.C. 292. This is true because, as stated

by Hoke, J. (later C. J.), G.S. 44-2, then C.S. 2435, simply affirms "the common-law lien given to artisans who have altered or repaired articles of personal property and are in possession of same, with the superadded right of foreclosure by sale in order to make the lien effective, . . ." *Johnson v. Yates, supra.*

"It follows, that the mechanic or artisan may exercise his common-law right to retain the property, and the statute, recognizing the right, authorizes him to advertise and sell and pay himself, after the specified period of possession. It is also a necessary consequence that the lien is lost when possession is given up to the owner, as well as the statutory method of enforcing it, since these rights are incident to and depend on possession, both at common law and under the provisions of the statute." Smith, C. J., in *McDougall v. Crapon, supra.*

Since the lien referred to and affirmed in G.S. 44-2 is the common-law possessory lien, "it is indispensable that the party claiming it have an independent and exclusive possession of the property." 33 Am. Jur., Liens, Sec. 17. "A lien may be acquired by continued possession. The moment that possession is voluntarily surrendered, the lien is gone." Faircloth, C. J., in *Tedder v. R. R.,* 124 N.C. 342, 32 S.E. 714. Nothing else appearing, even as between the mechanic and the owner of the chattel, the lien is lost if and when the mechanic voluntarily and unconditionally surrenders possession to the owner. *McDougall v. Crapon, supra; Sugg v. Farrar,* 107 N.C. 123, 12 S.E. 236; *Block v. Dowd,* 120 N.C. 402, 27 S.E. 129; *Tedder v. R. R., supra; Glazener v. Lumber Co.,* 167 N.C. 676, 83 S.E. 696; *Thomas v. Merrill,* 169 N.C. 623, 86 S.E. 593; *Auto Co. v. Rudd,* 176 N.C. 497, 97 S.E. 477; *Johnson v. Yates, supra; Motor Co. v. Motor Co.,* 197 N.C. 371, 148 S.E. 461; *Reich v. Triplett,* 199 N.C. 678, 155 S.E. 573.

Where the mechanic surrendered possession of the chattel (automobile), after having made repairs thereon, it was held that he did not lose his lien but was entitled to recover possession for enforcement thereof under the factual situations presented in two cases: (1) *Auto Co. v. Rudd, supra,* where he was induced to surrender possession upon receipt of the owner's check, importing a cash payment for the repairs, where such owner, after getting possession by this means, stopped payment on his check; (2) *Reich v. Triplett, supra,* where he was induced to surrender possession upon the false and fraudulent representations of the mortgagor (in possession) incident to the mortgagor's giving a worthless check for the repairs. In these cases, possession was not surrendered upon an understanding or agreement that the car was to be returned later to the lienor for completion of repairs or that the lien was to continue notwithstanding such surrender of possession. The basis of decision was that,

because induced as stated above, there was no voluntary surrender of possession.

Where the mechanic surrendered possession of the chattel (automobile) upon receipt of a chattel mortgage executed to secure the amount of the repair bill, it was held that the mechanic had lost his *possessory* lien and that his chattel mortgage lien was subject to the lien of a prior recorded mortgage. *Motor Co. v. Motor Co., supra.*

"The lien having once been lost by surrender of possession cannot be revived by any subsequently reacquired possession." 19 Am. & Eng. Ency. of Law, p. 28. In *Block v. Dowd, supra,* the plaintiff bought a bicycle from the defendant and executed a conditional sales contract for the purchase price. While in plaintiff's possession, the bicycle was broken; and, at the plaintiff's request, the defendant repaired it and returned it to the plaintiff. Later, the defendant obtained possession of the bicycle. The plaintiff tendered to the defendant the balance due on the conditional sale contract and demanded possession, but the defendant refused to surrender possession unless the plaintiff also paid the repair bill. It was held that the defendant had a lien for the unpaid balance on the conditional sale contract but not for the amount of the repair bill.

The question for decision is whether Robinson lost his *possessory* lien on or about December 17, 1956, when he surrendered possession to Thompson. If so, it was not revived when Robinson regained possession on January 9, 1957. If not, Robinson's possessory lien continued all during the period of three weeks or more when Thompson had exclusive possession of the Chevrolet for his general use; for, it is noted, nothing in the understanding or agreement between Thompson and Robinson purported to restrict Thompson's use of the car.

Robinson lost his possessory lien when he surrendered possession to Thompson on or about December 17, 1956, upon Thompson's agreement that he would return the Chevrolet to Robinson for the completion of the repairs contemplated by their contract. The surrender of possession was voluntarily made in accordance with the terms of their agreement. Conceding that under such agreement Robinson had a lien, notwithstanding his surrender of possession, it was not a *possessory* lien but rather a lien created or subsisting on account of Thompson's agreement. A common-law possessory lien, to which G.S. 44-2 relates, arises by implication of law, not by contract. 33 Am. Jur., Liens Sec. 16; *Williamson v. Winningham* (Oklahoma), 186 P. 2d 644, and cases cited.

After he had surrendered possession, and while Thompson had unrestricted use, Robinson's lien, if any, was based on Thompson's agreement, not on Robinson's possession. It would

be a patent contradiction to say that Robinson had a *possessory* lien during the period of three weeks or more when Thompson had the unrestricted use and possession of the Chevrolet.

Under the rule adopted by this Court in *Johnson v. Yates, supra,* the only lien that takes precedence over a duly recorded chattel mortgage is a mechanic's possessory lien. Such chattel mortgage takes precedence over any subsequent lien, chattel mortgage or otherwise, which is created or subsists by the agreement of the mortgagor.

Sound reason supports the rule that the common-law lien referred to in G.S. 44-2 may be preserved only by retaining possession. It must be kept in mind that a common-law possessory lien is predicated upon the idea that the mechanic has added value to the chattel proportionate to his charges for repairs.

To illustrate what may occur if retention of possession is not required: (1) Suppose the Chevrolet, while in Thompson's possession after December 17, 1956, had been involved in a second wreck. If he permitted the car to remain in its wrecked condition, it might well be that all the value added by Robinson's repairs would be destroyed. (2) On the other hand, if Thompson, after the second wreck, had had the repairs then needed made by a different mechanic, who had no notice of the prior dealings between Robinson and Thompson, the second mechanic's lien for repairs, assuming he retained possession, would have priority over plaintiff's chattel mortgage and any lien Robinson might have. Under such circumstances, would Robinson have a second lien, *i.e.,* a lien prior to plaintiff's chattel mortgage notwithstanding he had delivered the Chevrolet voluntarily to Thompson upon his promise to return it? If this were true, the value of plaintiff's valid recorded chattel mortgage, a first lien when executed and delivered, would be substantially destroyed. The requirement that, as against a prior recorded mortgage, the mechanic must retain possession to preserve his lien is a safeguard against such contingencies.

The division of authority in other jurisdictions seems to depend largely upon whether the particular statute is construed, as G.S. 44-2 has been construed by this Court, as an affirmance of the common-law possessory lien, or is construed as enlarging the lien rights of a mechanic. To illustrate: In accord with our present decision is *Yellow Mfg. Acceptance Corp. v. Bristol* (Oregon 1951), 236 P. 2d 939; *contra, Commercial Acceptance Corp. v. Hislop Garage Co.* (N.H. 1937), 192 A. 627.

We quote with approval this excerpt from the opinion in the Oregon case: "A common-law lien is lost by the lienholder voluntarily and unconditionally parting with possession or control of the property to which it attaches, and such a lien cannot be restored thereafter by resumption of possession. However, the

possessory lien is not necessarily waived or destroyed as between the parties where there is an intention to preserve the lien, the lienholder only conditionally parting with the property, as where by special agreement he allows the owner to take the property into his possession without prejudice to the lien. But such a surrender of possession under such an agreement will destroy the lien as to third persons." See 53 C.J.S. Liens, Sec. 8.

This excerpt from the New Hampshire case is self-explanatory: "Continuous physical control of the property by a lienor is not in all cases a prerequisite to retention of the lien, and since the statute here invoked was designed 'to enlarge the rights of those who perform work on motor vehicles' (citation omitted), the phrase 'so long as the same shall remain in his possession' should be liberally construed."

Appellant stresses the finding that all repairs, including those made on January 9, 1957, were made pursuant to an entire and indivisible contract. The significance of this finding is that all repairs contemplated by their contract were to be made for the contract price of $338.90. This was relevant in determining the amount and due date of Thompson's indebtedness to Robinson. However, it has no bearing upon whether Robinson lost his *possessory* lien. It is noted that the phrase, "entire and indivisible contract," under certain circumstances, is relevant in actions involving the establishment of priority in respect of non-possessory liens. See *Sides v. Tidwell*, 216 N.C. 480, 5 S.E. 2d 316, and similar cases.

Our conclusion is that the priorities as between plaintiff's chattel mortgage and Robinson's lien were correctly determined by Judge Moore's judgment.

It appearing that the value of the Chevrolet is less than the total of (1) the costs of this action, including the expenses of sale, (2) Robinson's first lien for $30.00, and (3) plaintiff's second lien for $796.38, we need not determine the academic question whether, upon the facts established by the verdict, Robinson has a lien as against Thompson for the balance (the amount in excess of $30.00) due on the repair bill. Appellant's brief relates solely to the subject of priority as between plaintiff's chattel mortgage lien and Robinson's asserted mechanic's lien.

No error.