**In re STEVCOKNIT INC., et al., Debtor.**

**NCNB FINANCIAL SERVICES, INC., As Assignee of The Stedman Corporation, Plaintiff-Appellant,**

v.

**STEVCOKNIT, INC., Stevcoknit Fabrics Co., Inc., Murbeck Knitted Fabrics, Inc., Moran Mills, Ltd., Park Yarn Mills, Co., Stevcoknit Textiles Co., Inc., Stevcoknit Woven Corp., Bridgeton Dyeing & Finishing Corp., Defendants-Respondents.**

**The Stedman Corporation, Defendant.**

Bankruptcy No. 81 B 12241–12249.

83 Civ. 3503 (KTD).

United States District Court, S.D. New York.

Nov. 17, 1983.

Kreindler & Relkin, P.C., New York City, for plaintiff-appellant; Donald B. Relkin, Michael J. Gerstein, Victoria L. Goodman, New York City, of counsel.

Shea & Gould, New York City, for defendant-respondent Stevcoknit, Inc.; Eric P. Wainer, Jacalyn F. Barnett, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

NCNB Financial Services, Inc. ("NCNB") appeals from Bankruptcy Judge Lifland's order denying it summary judgment, and granting summary judgment to the debtors (hereinafter referred to as "Stevco"). NCNB claims that as assignee of its factored client Stedman Corp. ("Stedman") it has a valid lien upon certain goods of Stevco. It asserts that the bankruptcy judge's failure to so find was reversible error. For the reasons that follow, I affirm Judge Lifland's grant of summary judgment in Stevco's favor.

### I.

Appellant NCNB is a North Carolina corporation engaged in the business of factoring accounts receivable. Stedman is also a North Carolina corporation, and it is in the business of processing textiles. Under an August 8, 1979 factoring agreement, Stedman factors its accounts receivables with NCNB, assigning all of Stedman's rights as an unpaid vender or lienor. Stevco, an integrated entity, is a manufacturer of knit fabrics for sportswear. Throughout 1981, Stevco forwarded textile goods to Stedman for processing. The invoices stated that "This account has been assigned and is payable to: [NCNB]" with credit terms of "net 30 days."

On November 16, 1981, the affiliated debtors filed Chapter 11 petitions in the bankruptcy court. As of the filing date, Stevco had not paid Stedman for approximately $112,000 of billings for the processing of Stevco's textile goods. Some of the invoiced processed goods had been released to Stevco or its nominees and some remained in Stedman's possession along with other Stevco goods.

The North Carolina processor's lien statute provides:

Any person who imporves any textile goods in the ordinary course of his business pursuant to an express or implied contract with the owner or legal posses-sor of such goods *shall have a lien upon all goods of such owner or possessor in his possession for improvement. The amount for such lien shall be for the entire unpaid contracted charges owed such person for improvement of said goods including any amount owed for improvements of goods, the possession of which may have been relinquished,* and such lien shall have priority over perfected and unperfected security interests.

N.C.Gen.Stat. § 44A–2(f) (emphasis added). The principal issue on appeal is whether Judge Lifland correctly held that Stedman's extension of credit to Stevco beyond the dates of its release of Stevco goods voided Stedman's processor's lien.

In construing other state processor's lien statutes, courts generally have held that the extension of credit vitiates the processor's lien. *See, e.g., Newark Slip Contracting Co. v. New York Credit Men's Adjustment Bureau,* 186 F.2d 152 (2d Cir.1951) (citing *Stone v. Allied Clothing Corp.,* 140 N.J.Eq. 224, 54 A.2d 625 (1947)) (New Jersey processor's lien statute); *Clark Bros. & Co. v. Pou,* 20 F.2d 74 (4th Cir.1927) (common law artisan's lien); *Matter of Heinsheimer,* 214 N.Y. 361, 108 N.E. 636 (1915) (New York processor's lien statute).

As the New York Court of Appeals stated in *Matter of Heinsheimer:*

If work is done, not on the credit of the thing itself, but solely on the credit of the owner, there is a waiver of the lien. Such a waiver will result, for illustration, where the agreement is that the thing shall be first returned and payment made thereafter.

214 N.Y. at 366, 108 N.E. at 638. The court's analysis is straightforward: A processor may rely for payment on physical possession of the goods, or on the customer's financial well-being—but it is inconsistent for them to rely on both. A processor relies on the customer's financial strength when it extends the customer credit, and returns the goods prior to payment. Obviously, the processor then is not relying on any physical possession, but rather on the debtor's future payment. The processor's

extension of credit thus operates as a waiver of its processor's lien.[1]

Appellant asserts that the North Carolina statute is unlike the common law or any of the statutes applied in the cited cases. NCNB argues that section 44A–2(f) provides that a processor has a lien on the improved goods in its possession as well as for "any amount owed for improvement of goods, the possession of which may have been relinquished." N.C.Gen.Stat. § 44A–2(f). Thus, appellant contends, section 44A–2(f) "expressly contemplates the extension of credit and relinquishment of goods by the lienor . . . ." Appellant's Brief on Appeal at 2.

Appellant is half right anyway. The statute certainly expressly states that the lien may remain intact after some goods have been released. The statute by no means, however, expressly "contemplates," provides for, or in any way directly refers to the extension of credit in such a situation. The relinquishment of some goods is not necessarily inconsistent with a failure to extend credit. When the value of the retained goods is sufficient to secure full payment, the processor can still be relying on the retained goods' physical possession to secure payment.

Furthermore, appellant has offered no authority to indicate that the North Carolina legislature intended section 44A–2(f) to be a source of rights fundamentally different from those conferred by section 44A–2(a) to (e); and the latter sections always have been interpreted by the North Carolina courts merely to have codified the common law respecting liens. *See, e.g., Caeser v. Kiser,* 387 F.Supp. 645, 648 (M.D.N.C. 1975); *Barbre-Askew Finance, Inc. v. Thompson,* 247 N.C. 143, 100 S.E.2d 381 (1957); *Johnson v. Yates,* 183 N.C. 24, 110 S.E. 603 (1922). Under the common law and cases interpreting their statutory codifications, the release of the processed goods was usually indicative of a credit relationship, but was not conclusive when the processor manifested its intent to rely on the goods physical possession. *See In re Tele King Corp.,* 137 F.Supp. 633 (S.D.N.Y.1955) (processor had a valid lien though some goods were released because it was still relying on possession of the retained goods, and there was no credit agreement).

Thus, what is crucial is the processor's intent: whether to rely on the good's possession or to rely on credit and the customer's ability to pay. The North Carolina statute does no more than expressly provide for those potential situations in which the processor intends the physical possession of some goods to secure payment for processing work done on all of the goods. Likewise, the statute does not change the principle that when the processor extends credit, releasing goods during the normal course of completing their processing, this voids any statutory processor's lien. As such, Judge Lifland correctly held that NCNB did not have a valid processor's lien,[2] and the judgment of the bankruptcy court, 28 B.R. 520, is affirmed.

---

**1.** The processor's extension of credit may be a powerful method of obtaining customers. It would not be evenhanded for the processor on the one hand to extend credit—implicitly relying on the customer's financial well being—and on the other hand to be actually relying on physical possession of the goods. This is especially true when, as here, the parties had an ongoing relationship and goods were always generally on hand in the processor's possession.

**2.** Because I uphold Judge Lifland on this point, it is unnecessary to address appellee's alternative argument that only Stedman could assert a valid processor's lien.